IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| NICHOLAS CUMMINGS,<br>  Plaintiff, | )<br>)<br>) | |
|   v. | )<br>) | Civil Action No. 3:23CV327 (RCY) |
| THE GEO GROUP, INC.,<br>  Defendant. | )<br>)<br>)<br>) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Strike (ECF No. 11). The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Court will grant-in-part and deny-in-part the Motion to Strike (ECF No. 11).

**I. BACKGROUND AND PROCEDURAL HISTORY**

This action stems from a series of injures Plaintiff Nicholas Cummings ("Plaintiff" or "Cummings") sustained at the hands of other inmates while incarcerated at Lawrenceville Correctional Center ("LVCC"). LVCC is a correctional center operated by Defendant The GEO Group, Inc. ("Defendant" or "GEO"), pursuant to a contract with the Virginia Department of Corrections ("VDOC"). Defendant is a publicly-traded corporation that was founded as a "for-profit company that owns, leases, and operates prisons, immigration detention centers, and residential re-entry centers." Compl. ¶ 7. Defendant operates facilities throughout the country, and is "one of the two largest private operators of for-profit prisons in the United States." *Id.*; *see id.* at ¶¶ 2, 7–8, 18–27.

Plaintiff filed his Complaint on May 15, 2023, asserting a sole, constitutional cause of action relating to Defendant's alleged policy and custom of understaffing. *Id.* at ¶¶ 78–85. Specifically,

Plaintiff avers that Defendant's "deliberate indifference caused . . . deficient staffing, supervision and control which, in turn, . . . caused Plaintiff's injuries." *Id.* at ¶ 85. On July 13, 2023, Defendant filed the instant Motion to Strike, seeking to strike "Paragraphs 18–26 of Plaintiff's Complaint . . . and that portion of Paragraph 27 discussing Defendant's actions outside Virginia."[1] Mot. Strike 1, ECF No. 11. Defendant also requested that that the Court (1) require Plaintiff to file an Amended Complaint excluding the portions stricken, and (2) allow Defendant sufficient time to file pleadings responsive to such Amended Complaint. *Id.* Plaintiff timely filed his Memorandum in Opposition to Defendant's Motion to Strike on July 27, 2023. ECF No. 17. Defendant filed a Reply in Support of its Motion to Strike on August 2, 2023. ECF No. 20. Accordingly, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

A "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This standard "affords district courts significant discretion in determining whether to strike certain material from pleadings." *Devers v. City of Huntington*, 2019 WL 4281936, at *2 (S.D.W. Va. Sept. 10, 2019) (citing *Scherer v. Steel Creek Prop. Owners Ass'n*, 2014 WL 813824, at * 1 (W.D.N.C. Mar. 3, 2014)). That said, courts "should use Rule 12(f) sparingly, as motions to strike are generally viewed with disfavor." *Jenkins v. Aylor*, 2016 WL 2908410, at *11 (W.D. Va. May 17, 2016) (citing *Waste Mgmt. Hldgs., Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)); *see Zamma Can. Ltd. v. Zamma Corp.*, 2020 WL 7083940, at *23 (E.D. Va. Dec. 3, 2020). Accordingly, in considering a motion to strike, "the court must view the [challenged] pleading . . . in a light most favorable to the pleader." *M.T. ex rel. Hayes v. Medley*,

---

[1] The challenged paragraphs are discussed in more detail below, but generally include information regarding (1) findings by the U.S. District Court of the Southern District of Mississippi regarding a youth correctional facility Defendant operated in Mississippi (Paragraphs 18–19); (2) staffing and institutional control issues at immigration detention facilities operated by Defendant in Texas (Paragraphs 20–22); (3) minimum wage violations and the improper usage of certain chemical agents at facilities operated by Defendant in California and Washington, respectively (Paragraphs 23–24); and (4) staffing and institutional control issues at correctional facilities operated by Defendant in Oklahoma and Louisiana (Paragraphs 25–27)

2

2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014).  In turn, Rule 12(f) motions should be denied "unless the challenged allegations have *no* possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  *Bailey v. Fairfax Cnty.*, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1382 (3d ed. 2004)).

### III. DISCUSSION

Defendant moves to strike Paragraphs 18–26 from Plaintiff's Complaint, as well as "the portion of Paragraph 27 discussing Defendant's actions outside Virginia," based upon an argument that these paragraphs allege facts "immaterial and impertinent to Plaintiff's claims."  Def.'s Mem. Supp. Mot. Strike ("Mem. Supp.") 2, ECF No. 12; Mot. Strike 1, ECF No. 11.  Defendant also requests that the Court "require Plaintiff to file an Amended Complaint excluding the portions stricken, and allow sufficient time for Defendant to file pleadings responsive to the Amended Complaint."  Mot. Strike 1.  In response, Plaintiff argues that the challenged portions of its Complaint are material and pertinent and should not be stricken.  Pl.'s Mem. Opp'n Def.'s Mot. Strike ("Mem. Opp'n") 6, ECF No. 17.  Both parties are partially correct.  The Court will therefore strike Paragraphs 23 and 24 from Plaintiff's Complaint, but leave the remaining challenged allegations undisturbed.

Information is "immaterial" for the purposes of Rule 12(f) "if it has 'no essential or important relationship to the claim for relief or the defenses being pleaded.'"  *Meth v. Natus Med. Inc.*, 2014 WL 3544989, at *3 (E.D. Va. July 17, 2014) (quoting 5C Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1382 (3d ed.) (hereinafter, "*Fed. Prac. & Proc.*").  Similarly, information is "impertinent" for Rule 12(f) purposes if it does "not pertain, and [is] not necessary, to the issues in question."  *Fed. Prac. & Proc.* § 1382.  These relatively forgiving definitions—particularly when coupled with the generally disfavored nature of Rule 12(f) motions—render courts "reluctant to disturb the pleadings."  *Id.*  In fact, even if the materiality or pertinence of a challenged allegation is

3

doubtful, many courts "have concluded that the motion to strike under Rule 12(f) should be denied." *Id.* (collecting cases).

As the above indicates, the Court's disposition of this Rule 12(f) motion is necessarily informed by the underlying claim for relief being pleaded. *See Meth*, 2014 WL 3544989, at *3. Here, Plaintiff asserts a § 1983 *Monell* claim against Defendant, alleging "widespread and systemic unconstitutional policies and customs" relating to understaffing and lack of institutional control. *See* Mem. Opp'n 5; Compl. ¶¶ 79–80, ECF No. 1. Private corporations (such as Defendant) may be liable under § 1983—and more specifically, the *Monell* doctrine—when an official policy or custom of the corporation causes a deprivation of federal rights. *Austin v. Paramount Parks*, 195 F. 3d 715, 728 (4th Cir. 1999). Policies may be found in written ordinances and regulations, affirmative decisions of individual policymaking officials, or omissions on the part of policymaking officials that manifest deliberate indifference to the rights of individuals. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Customs, on the other hand, "may arise when a particular practice 'is so persistent and widespread . . . as to constitute a custom or usage with the force of law.'" *Austin*, 195 F.3d at 727 (quoting *Carter*, 164 F.3d at 218). A party asserting a *Monell*-style claim against a private entity must therefore plead facts sufficient to plausibly demonstrate the existence of an unconstitutional official corporate policy or custom.[2] *See id.* at 727–29. With these principles in mind, the Court turns now to consider the parties' arguments.

Defendant challenges nine-and-a-half paragraphs' worth of allegations in Plaintiff's Complaint. *See* Mem. Supp. 3–4. The challenged paragraphs include allegations concerning: (1) findings by the United States District Court for the Southern District of Mississippi related to staffing

---

[2] For instance, the complaining party may allege facts tending to show "persistent and widespread" corporate practices that run afoul of federal law. *See id.* at 727; *Spell v. McDaniel*, 824 F.2d 1380, 1386–87. Similarly, the complaining party may allege facts indicative of omissions on the part of policymaking officials that manifest deliberate indifference to the federal rights of individuals. *See Carter*, 164 F.3d at 218.

4

and institutional control issues at a youth correctional facility operated by Defendant in Mississippi (Paragraphs 18–19); (2) staffing and institutional control issues at immigration detention facilities operated by Defendant in Texas (Paragraphs 20–22); (3) minimum wage violations and the improper usage of certain chemical agents at other facilities operated by Defendant in California and Washington, respectively (Paragraphs 23–24); and (4) staffing and institutional control issues at correctional facilities operated by Defendant in Oklahoma and Louisiana (Paragraphs 25–27). Defendant argues that these paragraphs are "completely immaterial and impertinent to Plaintiff's claims" because they are "unrelated to the conditions of LVCC itself and Defendant's management of the facility." Mem. Supp. 4. Defendant argues these allegations are instead "only included in the Complaint as inflammatory remarks designed to puff up Plaintiff's actual claims." *Id.* Defendant also argues that the inclusion of these allegations is prejudicial, insofar as they "complicate the issues and will lead the jury to make unwarranted inferences that wrongdoing outside the state of Virginia means that there must have been wrongdoing inside the state." *Id.* at 5.

In response, Plaintiff first argues that plausible *Monell* allegations require factual allegations demonstrating official corporate policy and/or widespread corporate customs and practice. Mem. Opp'n 4–5. Plaintiff notes that such policies and customs are "consciously adopted courses of [corporate] action," *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987), which arise through "persistent and widespread practices." *Id.*; Mem. Opp'n 5. Accordingly, Plaintiff contends that while his injuries "occurred as a result of his incarceration at LVCC, his claims are that [Defendant's broader] corporate policies and customs were the *moving force* behind the unconstitutional conditions at LVCC that led to his injuries." Mem. Opp'n 5–6 (emphasis in original). Plaintiff thus argues that the challenged allegations support his claims "because they evince widespread and flagrant deprivations occurring under [Defendant's] watch." *Id.* at 6. More specifically, Plaintiff asserts that "[p]roving that the deplorable conditions at LVCC result from widespread corporate policy and

5

custom is supported by showing that the same or substantially similar unconstitutional deprivations exist wherever [Defendant] sets up shop." *Id.* Plaintiff also posits that the challenged allegations demonstrate that Defendant was on notice of the constitutional inadequacy of its correctional understaffing and management practices. *Id.*

Preliminarily, the Court is unpersuaded by Defendant's argument that the challenged allegations are immaterial and impertinent because they relate to Defendant's operations in different states. *See, e.g.*, Mem. Supp. 4–5; Def.'s Reply Supp. Mot. Strike ("Reply) 1–3. Private entities—unlike municipalities—do not have reach that is inherently bounded by geography. Thus, it is entirely possible that the official custom or policy of a corporation can impact its operations in various locales. *See Watkins v. Butler*, 2024 WL 37995, at *15 (D. Md. Jan. 3, 2024); *Shields v. Prince George's Cnty.*, 2016 WL 4581327, at *9 (D. Md. Sept. 1, 2016). And given that Plaintiff may establish an unconstitutional policy or custom via evidence of, *inter alia*, "persistent and widespread" corporate practices, *see Austin*, 195 F.3d at 727 (quoting *Carter*, 164 F.3d at 218), alleged instances of Defendant's similar corporate practices elsewhere certainly bear an "important relationship"—and are therefore material—to Plaintiff's claim for relief. *See Meth*, 2014 WL 3544989, at *3; *Shields*, 2016 WL 4581327, at *9 (noting that where a company provides services in various states, "its activities in a variety of states can be . . . relevant to the issue of custom and policy); *Watkins*, 2024 WL 37995, at *15 (noting that a plaintiff's allegations concerning a private entity-defendant's countrywide "unconstitutional custom and policy" of denying medical care to inmates supported the plaintiff's *Monell* claim). For the same reason, such allegations undoubtedly "pertain" and are "necessary to the issues in question" here, particularly in light of Rule 12(f)'s lenient standard. *See Fed. Prac. & Proc.* § 1382; *Waste Mgmt. Hldgs., Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)).

The more compelling issue raised by Defendant concerns whether the challenged allegations

6

relate to the implementation of sufficiently similar alleged customs or policies.³ That is because, under Rule 12(f)'s permissive rubric, Defendant's alleged implementation of *substantially similar* policies or customs in other facilities bears an "important relationship"—and is material—to Plaintiff's particular claim for relief. *See Meth*, 2014 WL 3544989, at *3. Conversely, allegations concerning corporate polices and customs *dissimilar* to those challenged here are less material and more likely to be prejudicial. *See id.*

In view of the above, the Court turns to the substance of the challenged paragraphs. Plaintiff's allegations in Paragraphs 18–22 and 25–27 pertain largely to staffing and institutional control issues at Defendant's other facilities. *See id.* Such issues are also central to the LVCC-specific allegations here. *See* Compl. ¶¶ 27–66, 79–85. The Court therefore finds that Paragraphs 18–22 and 25–27 contain pertinent, material allegations. *See Shields,* 2016 WL 4581327, at *9; *Watkins,* 2024 WL 37995, at *15. Consistent with this finding, the Court declines to strike Paragraphs 18–22, and 25–27.

However, Plaintiff's allegations in Paragraphs 23 and 24 do not fare as well. The allegations therein relate to Defendant's allegedly improper use of a toxic chemical at a facility in California, and Defendant's alleged minimum wage violations in Washington state, respectively. Compl. ¶¶ 23–24. Such allegations are dissimilar to the misconduct alleged here and align more closely with the type of "collateral accusations of marginally related incidents" that the Fourth Circuit has deemed irrelevant to the *Monell* inquiry. *See Carter*, 164 F.3d at 218–19 ("[A] plaintiff cannot rely upon scattershot accusations . . . . Unfocused evidence of unrelated constitutional violations is simply not relevant to the question of whether a . . . decisionmaker caused the violation of the specific federal rights of the plaintiff before the court."). Thus, in light of their irrelevance to the claim at issue here,

---

³ This question is related to Defendant's second main argument—that "many of [the challenged allegations] . . . have absolutely nothing to do with staffing or supervision." Mem. Supp. 4.

the Court will strike Paragraphs 23 and 24 from Plaintiff's Complaint.

## IV. CONCLUSION

For the reasons stated above, the Court will grant-in-part and deny-in-part Defendant's Motion to Strike (ECF No. 11), as detailed above. An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 23, 2024